# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY LYNN FORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-506-M |
| ) | |
| JOHN B. FOX, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed this 28 U.S.C. § 2241 habeas action (ECF No. 1), challenging the execution of his sentence. United States Chief District Judge Vicki Miles-LaGrange has referred this case for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a Motion to Dismiss (ECF No. 16) to which Petitioner has responded. (ECF No. 17). Respondent has replied to Petitioner's Response (ECF No. 18), and Petitioner has filed a sur-reply. (ECF No. 19). Because Petitioner has failed to exhaust his administrative remedies, the petition should be **DISMISSED**.

### I. Background and Claims Presented

Petitioner states he was transferred from custody of a state correctional facility, pursuant to a federal detainer, to Beaumont, Texas, to be tried on new federal criminal charges in the United States District Court for the Eastern District of Texas. (ECF No. 9:2). According to Petitioner, his appointed counsel informed him he would be receiving "dual credit" toward the sentence stemming from a state court conviction as well as credit for

the time he spent in state custody before entering a guilty plea on the federal charges. (ECF No. 9:3). When he began serving his federal sentence, however, Petitioner learned he was receiving neither dual time credits, nor credits for the time he had spent in pretrial detention. (ECF No. 9:7). Petitioner requests that his "dual time credits," as well as credits for pretrial detention, be restored. (ECF No. 9:8). Petitioner contends his counsel was ineffective in failing to ask the court for sentence credits when Petitioner entered his guilty plea and in failing to inform Petitioner the sentence could be appealed. (ECF No. 9:13-14).

Petitioner states he filed a motion for order "Nunc Pro Tunc" in the federal trial court in an attempt to receive the credits to which he feels entitled. That court instructed Petitioner to file a habeas petition pursuant to 28 U.S.C § 2241. When he did, the trial court transferred the case to this Court. (ECF No. 9:13).

Respondent has moved to dismiss the petition because Petitioner has not exhausted administrative remedies available through the Bureau of Prisons (BOP) regulations. (ECF No. 16:1).

## II. Exhaustion Requirement

A federal prisoner must exhaust all available administrative remedies set forth in 28 U.S.C. § 542.13-19 "as a prerequisite to filing a federal habeas petition" pursuant to § 2241. *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010). Nonetheless, "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Id.* at 1203. And, "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy

'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). It is Respondent's burden to prove the affirmative defense of failure to exhaust administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

### III. Administrative Remedies

Respondent contends Petitioner did not even attempt to exhaust his administrative remedies before filing his habeas action. Attached to Respondent's Motion to Dismiss is an affidavit signed by James D. Crook who identifies himself as the Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma. (ECF No. 16-1:1). Mr. Crook states he has access to records maintained by the Bureau, including inmate central files and administrative remedy requests of federal prisoners. Having reviewed those files, Mr. Crook states Petitioner has not attempted to exhaust his administrative remedies. (ECF No. 16-1:2).

In his Response, Petitioner contends he did not pursue available administrative remedies because an unidentified records officer told him it would be a waste of his time, as the BOP never grants pretrial time credits to inmates "brought in under a Writ." (ECF No. 17:4). He claims attempts to exhaust his administrative remedies would be futile and asks this court to excuse his failure to exhaust. Finally, Petitioner claims the BOP's Administrative Remedy Program does not apply to his claims because his claims stem from actions taken before his conviction. (ECF No. 17:5-6).

Petitioner is incorrect. The BOP's administrative procedure applies to claims based on miscalculation of credits. *Garza v. Davis*, 596 F.3d at 1203; *cf. United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (vacating district court's award of sentence credit and refusing to reach the merits of appeal because petitioner had not exhausted administrative remedies before seeking judicial review).

Moreover, Petitioner has not demonstrated the futility of exhaustion. His contentions regarding the lack of training of BOP personnel who should help prisoners exhaust administrative remedies does not support his futility argument.

Because Petitioner has not exhausted available administrative remedies before filing this action, the petition should be dismissed without prejudice.

## RECOMMENDATION

The undersigned recommends **DISMISSAL** of the instant habeas petition. The dismissal should be without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **April 17, 2015**. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on March 31, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

5